J-S73041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD D. JASEK | |
| Appellant | No. 574 WDA 2016 |

Appeal from the Judgment of Sentence May 11, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011604-2010

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED OCTOBER 07, 2016**

Richard D. Jasek ("Appellant") appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his guilty plea to two counts of possession with intent to deliver ("PWID") and one count of conspiracy.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On February 10, 2015, Appellant pled guilty to the aforementioned charges. In exchange for his plea, the Commonwealth withdrew five (5) additional charges against Appellant.  On May 11, 2015, the court imposed concurrent sentences of three (3) to six (6) years' incarceration on both of his PWID

_____

[1] 35 P.S.§ 780-113(a)(30) and 18 Pa.C.S. § 903.

convictions. The court did not impose an additional sentence on Appellant's conspiracy conviction.

On May 19, 2015, Appellant filed a motion to reconsider sentence, which the court denied the next day. Appellant did not file a direct appeal. On February 2, 2016, Appellant filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] On February 8, 2016, the PCRA court appointed counsel, who filed an amended petition for relief on March 11, 2016. On March 30, 2016, the Commonwealth filed an answer to Appellant's petition. On April 19, 2016, the court reinstated Appellant's direct appeal rights *nunc pro tunc*.[3] On April 22, 2016, Appellant filed a notice of appeal from his judgment of sentence and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

> WHETHER [APPELLANT'S] GUILTY PLEA WAS INVOLUNTARY, UNKNOWING, UNINTELLIGENT AND ENTERED AS A RESULT OF INEFFECTIVE ASSISTANCE OF PLEA AND SENTENCING COUNSEL – IN VIOLATION OF ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION OR THE SIXTH AND FOURTEENTH

---

[2] 42 Pa.C.S. § 9541-9546.

[3] In its April 19, 2016 order, although it had already granted Appellant relief, the PCRA court gave notice of its intent to dismiss Appellant's PCRA petition, including his ineffective assistance of counsel claims, without a hearing. The same day that Appellant filed his direct appeal, he filed a response to the court's notice of its intent to dismiss his PCRA petition, asserting that the court no longer had jurisdiction to dispose of his collateral claims because it had reinstated his direct appeal rights.

AMENDMENTS TO THE UNITED STATES CONSTITUTION – WHERE SAID COUNSEL MISREPRESENTED TO [APPELLANT] THAT THERE WAS A PLEA AGREEMENT FOR A SENTENCE OF 18 MONTHS['] HOME ELECTRONIC MONITORING AND A CONSECUTIVE TERM OF 5 YEARS['] PROBATION?

Appellant's Brief at 4.

Appellant argues his counsel was ineffective and admits that we cannot address this issue on direct appeal.

"[C]laims of ineffective assistance of counsel are to be deferred to PCRA review." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa.2013). Appellant's ineffective assistance of counsel claim is his only claim on appeal. This claim should be raised in a timely PCRA petition, not in a direct appeal from his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/7/2016